UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 BIJAN WOODLEY

    Defendant.

Case No. 15-cr-20007
Honorable Laurie J. Michelson

**ORDER ON DEFENDANT'S REQUEST UNDER 18 U.S.C. § 2255 [296]**

    Following trial, a jury convicted Defendant Bijan Woodley of carjacking in violation of 18 U.S.C. § 2119 and of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 197.) The Court imposed consecutive prison sentences of 24 months and 84 months. (ECF No. 238.) Woodley's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit (ECF No. 272) and his petition for certiorari was denied (ECF No. 279).

    On December 27, 2018, the Court received a letter from Woodley advising of his positive progress since his incarceration. (ECF. No. 296.) But this was not the only purpose of the letter. Woodley also indicated that it had recently been brought to his attention that *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018), might entitle him to resentencing. (ECF. No. 296, PageID.4337.) In *Dimaya*, the Supreme Court applied the reasoning of *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), to determine that the definition of "crime of violence" contained in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216. Thus, the Court understands Woodley to be arguing that his conviction under § 924(c), which contains language identical to that in § 16(b), may be unconstitutional. (ECF No. 296, PageID.4337.)

Given the current stage of the proceedings, the Court will treat the letter as a motion under 18 U.S.C. § 2255. The Sixth Circuit has determined, in an unpublished order, that, apart from the residual clause, federal carjacking qualifies as a crime of violence under the "use of force" clause in § 924(c)(3)(A). *Dobbins v. United States*, No. 17-5015, 2017 U.S. App. LEXIS 27985, at *1 (6th Cir. June 6, 2017). And several other circuits have reached the same conclusion. *See United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir.), *cert. denied*, 138 S. Ct. 242, 199 L. Ed. 2d 155 (2017) (mem.); *United States v. Evans*, 848 F.3d 242, 247 (4th Cir.), *cert. denied*, 137 S. Ct. 2253, 198 L. Ed. 2d 688 (2017) (mem.); *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). Thus, the Sixth Circuit has denied similar motions seeking authorization to file second or successive § 2255 motions by defendants who were convicted of carjacking and argued that *Dimaya* invalidated their § 924(c) convictions. *See In re Redditt*, No. 18-5436, 2018 U.S. App. LEXIS 32330, at *3 (6th Cir. Nov. 14, 2018) ("[P]utting aside whether *Dimaya* applies retroactively—which the Supreme Court has not held—*Dimaya* does not apply to [defendant's] case. His carjacking offense qualifies as a 'crime of violence' under an altogether different definition, § 924(c)(3)(A), not (B), and neither *Dimaya* nor *Johnson* called that definition into question." (citations omitted)); *In re Loverson*, No. 18-5612, 2018 U.S. App. LEXIS 28783, at * 3 (6th Cir. Oct. 11, 2018) ("[W]ithout regard to *Dimaya*, carjacking under § 2119 is categorically a crime of violence under § 924(c)(3)(A).")

As Woodley would not be able to show that his § 924(c) conviction is affected by *Dimaya,* the Court denies his request for counsel and for any relief under § 2255.[1]

IT IS SO ORDERED.

s/Laurie J. Michelson

---

[1] The Court commends Woodley on the positive steps he has taken while incarcerated and hopes he will continue on the same path.

LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: January 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, January 3, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

s/William Barkholz
Case Manager