UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 BIJAN WOODLEY,

    Defendant.

Case No. 15-cr-20007
Honorable Laurie J. Michelson

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [298]

On January 3, 2019, the Court entered an order denying Defendant Bijan Woodley's request, treated as a motion under 28 U.S.C. § 2255, for resentencing under *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018). (ECF No. 297.) The Court found that, apart from the residual clause, federal carjacking qualifies as a crime of violence under the "use of force" clause in § 924(c)(3)(A). (*Id*). Thus, Woodley would "not be able to show that his § 924(c) conviction is affected by *Dimaya*." (*Id*.) Woodley seeks reconsideration. (ECF No. 298.)

The Court's local criminal rules provide that criminal motions are generally governed by the local rule related to civil motions. *See* E.D. Mich. LCrR 12.1(a) (providing that criminal motions are governed by Local Rule 7.1). Local Rule 7.1 provides that a motion for reconsideration shall be granted if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). Woodley makes two arguments. Neither demonstrates a palpable defect in the Court's prior ruling.

First, Woodley says the Court erred in not allowing the Government to respond to his § 2255 request. Under the relevant rules, after a § 2255 motion is filed, the court "must promptly examine it" and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing § 2255 Proceedings. The Government "is not required to answer the motion unless the Court so orders." Rule 5(a), Rules Governing § 2255 Proceedings; *see also* Rule 4, Rules Governing § 2255 Proceedings ("*If the motion is not dismissed*, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." (emphasis added)). Here, the Court did not request a response from the Government and was not required to do so.

Second, Woodley argues that under 18 U.S.C. § 924(c)(3) the definition of crime of violence included the "elements clause" and the "residual clause." 18 U.S.C. § 924(c)(3)(A) and (B). The Court does not disagree. And the latter was invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015). But again, Woodley's conviction for carjacking still qualifies as a crime of violence under the elements clause. Indeed, a recent Sixth Circuit opinion makes this clear. *United States v. Jackson*, --- F.3d ---, No. 17-3896/3902, 2019 U.S. App. LEXIS 7201, *37 (6th Cir. Mar. 12, 2019) (ruling that "carjacking constitutes a crime of violence under § 924(c)'s elements clause."). Thus, among other reasons, *Dimaya* did not invalidate Woodley's conviction under § 924(c)(3)(A).

The motion for reconsideration is DENIED.

IT IS SO ORDERED.

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE

Date: March 13, 2019

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 13, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                    <u>s/William Barkholz</u>
                                    Case Manager