UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-1 BIJAN WOODLEY

    Defendant.

Case No. 15-cr-20007
Honorable Laurie J. Michelson

**ORDER DENYING DEFENDANT'S REQUEST FOR COUNSEL [303]**

Following trial, a jury convicted Defendant Bijan Woodley of carjacking in violation of 18 U.S.C. § 2119 and of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 197.) The Court imposed consecutive prison sentences of 24 months and 84 months. (ECF No. 238.) Woodley's conviction was affirmed by the United States Court of Appeals for the Sixth Circuit (ECF No. 272) and his petition for certiorari was denied (ECF No. 279).

This Court subsequently denied Woodley's request for resentencing (which was treated as a motion under 28 U.S.C. § 2255) as a result of the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Sessions*, the Court applied the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015), to determine that the definition of "crime of violence" contained in 18 U.S.C. § 16(b) was also unconstitutionally vague. 138 S. Ct. at 1216. So the Court interpreted Woodley to be arguing that his conviction under § 924(c), which contains a residual clause identical to that in § 16(b), was unconstitutional. (ECF No. 296, PageID.4337.) The Court disagreed because the Sixth Circuit had suggested that, apart from the residual clause, federal carjacking qualifies as a crime of violence under the elements clause in § 924(c)(3)(A). (ECF No.

297, PageID.4341 (citing case law).) The Sixth Circuit has since ruled that carjacking "necessarily involves the threatened use of violent physical force and, therefore, . . . constitutes a crime of violence under § 924(c)'s elements clause"—not the residual clause. *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019).

Woodley again seeks the appointment of counsel. (ECF No. 303.) This time to evaluate whether he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), in which the Supreme Court held that the residual clause of § 924(c)(3)(B) is unconstitutionally vague. *Id*. But again, Woodley's conviction for carjacking still qualifies as a crime of violence under the elements clause, § 924(c)(3)(A), which has not been invalidated.

Thus, as Woodley would be unable to show that his § 924(c) conviction is affected by *Davis*, and no motions are currently pending, the Court denies his request for counsel.

IT IS SO ORDERED.

Dated: November 19, 2019

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 19, 2019.

s/Erica Karhoff
Case Manager to
Honorable Laurie J. Michelson

2