UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>v.<br><br>BIJAN WOODLEY,<br><br>  Defendant. | Case No. 15-20007<br><br>Honorable Laurie J. Michelson |

### ORDER DENYING DEFENDANT'S MOTION
### FOR COMPASSIONATE RELEASE [314]

For his role in an armed carjacking, Bijan Woodley received a below-guidelines sentence of 108-months' imprisonment on February 28, 2017. At that time, the 24-year old Woodley reported to be in excellent health. Woodley now claims to have a number of underlying medical conditions that place him at risk of severe illness from the deadly and highly contagious coronavirus. Woodley also says he is a different person today than the young man who committed the offense. Finding no extraordinary and compelling reasons for release, the motion will be DENIED.

**I.**

Early in the morning of December 30, 2014, three people were involved in carjacking a young man at a Coney Island restaurant on the east side of Detroit. While the victim sat in his car before entering the restaurant, a Dodge Durango pulled behind his parking space and blocked him in. The driver remained in the Durango while two gunmen exited and approached the victim's car. One of the men pointed a semiautomatic handgun at the victim from the driver's side of the car, ordered the victim to get out and onto the pavement, and demanded his watch, sunglasses, iPhone,

and cash. The other man, Bijan Woodley, pointed an assault rifle at the victim from the passenger side and banged on the window. The two men ultimately got into the victim's car and sped away.

A jury found Woodley guilty of carjacking, in violation of 18 U.S.C. § 2119(1), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (ECF No. 197.) The Court sentenced Woodley to consecutive prison terms of 24 and 84 months, respectively. (ECF No. 238.) The Sixth Circuit affirmed the judgment (ECF No. 272), and the Supreme Court denied Woodley's petition for a writ of certiorari (ECF No. 279).

Woodley was detained prior to trial. He is presently housed at the Atlanta United States Penitentiary and has served almost six and a half years of his sentence. His release date is June 3, 2023. *Find an Inmate*, Bureau of Prisons, https://perma.cc/FTT9-LCU6. Understandably, Woodley would like to be released now as a result of the ongoing coronavirus pandemic. He claims to be "particularly at risk for infection and serious illness." (ECF No. 314, PageID.4457.) His pro se motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), which appears to be a template motion that was not sufficiently personalized to Woodley, provides some inconsistent information about his underlying health conditions. At one point, Woodley says "he has an acute bronchial disorder, he has an acute respiratory illness, he is Pre Stage Diabetes, he is asthmatic, he has high blood pressure, he has [h]igh [c]holesterol, and he is a vulnerable African American male." (*Id*. at PageID.4446.) Later in the motion, however, he indicates "he is a type II diabetic with high blood pressure and a recent surgery." (*Id*. at PageID.4455.) He then filed a "supplement to correct error," explaining that he "has a family history of diabetes and [he] has been diagnosed as prediabetic." (ECF No. 327, PageID.4736.) In this correction, Woodley discloses his hospitalization for a ruptured appendix, and states he has a history of asthma and was placed on an oxygen machine after his surgery. (*Id*.)

2

The government has provided Woodley's medical records for 2021. (ECF No. 325-1.) They support only that Woodley had an appendectomy in December 2020. (*Id.*) The summary page of current health problems, and the remainder of the records, do not identify any conditions recognized by the Centers for Disease Control and Prevention as putting the 28-year old Woodley at risk of severe illness from COVID-19. (*Id.* at PageID.4689); *COVID-19, People With Certain Medical Conditions*, CDC, https://perma.cc/Z4AH-LYTV.

## II.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception to this rule is compassionate release. The compassionate release statute allows the Court to reduce a defendant's sentence if it finds, after a defendant has exhausted her administrative remedies or upon the lapse of 30 days from the receipt by the warden of a request for compassionate release, that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and that the sentencing factors under 18 U.S.C. § 3553(a), to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A). "In cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020).

### A.

The statutory exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Woodley says that on October 20, 2020, he asked the warden of the Atlanta Maximum Security Correctional Institution to file a motion for compassionate release on his behalf. (ECF No. 314, PageID.4448.) He has not received a response, nor was a motion filed. (*Id.*)

3

The government disputes that the exhaustion requirement has been satisfied. They cite an April 5, 2021 email from the prison that states that "Atlanta indicated that they could not locate any request from Woodley to the Warden asking for a reduction in sentence." (ECF No. 318, PageID.4468.) Given this uncertainty, the Court asked Woodley to supplement his motion with a copy of his request to the warden or an affidavit confirming the same. (ECF No. 319.)

Woodley has provided a declaration under oath that "on [September 4, 2020 he] submitted a request to the Warden at USP Atlanta for compassionate release." (ECF No. 328.) While this is inconsistent with the October 20, 2020 date referenced in his motion, it is consistent with the attachment to his supplemental brief that appears to be a request to the warden from a legal organization that had been representing Woodley. (*See* ECF No. 327.) Thus, the Court will find the exhaustion requirement satisfied.

**B.**

The Sixth Circuit has made clear "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). "And, in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id*. at 519–20.

In determining this definition in the context of the unprecedent coronavirus pandemic, this Court has previously considered whether defendants had "severe medical conditions" which placed them at high risk of severe illness in the event of a coronavirus infection, were housed at a facility with confirmed cases, and had served "a large majority of their sentences." *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *3 (E.D. Mich. June 10, 2020). Post-*Elias*, these

4

remain appropriate considerations. And now, more than a year into the pandemic, the Court will also consider the defendant's vaccination status.

As mentioned, Woodley's medical records that have been provided to the Court do not disclose any bronchial or respiratory ailments. Neither the listing of Woodley's current health problems or medications indicate he has diabetes or high blood pressure. Indeed, any recent medications appear related to his surgery for appendicitis. So that basically just leaves Woodley's "generalized fears of contracting COVID" which "do not constitute a compelling reason" to grant compassionate release. *See United States v. Ramadan*, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020). Indeed, it appears that Woodley recently refused a COVID-19 vaccination. (ECF No. 325-1, PageID.4691.) That is certainly his prerogative but is also appropriately considered against any claim that the only protection against the coronavirus is to be released from prison several years early. *See United States v. Goston*, 15-20694, 2021 U.S. Dist. LEXIS 43686, at *3 (E.D. Mich. Mar. 9, 2021) (denying motion for compassionate release because defendant's "access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release.") Woodley will also receive some protection from the fact that 689 inmates and 217 staff members at Atlanta USP are now fully vaccinated. *COVID-19, Coronavirus*, BOP, https://perma.cc/QU8T-HCR5. Indeed, Atlanta USP is presently reporting only two inmate and three positive staff cases. *Id*. Thus, the Court finds no extraordinary or compelling medical reasons for compassionate release.

Woodley also contends that his personal circumstances are extraordinary and compelling. (ECF No. 341, PageID.4455.) He advises that, while in custody, he has received his certification as a drug counselor, completed several additional programs, and worked steadily in the field of custodial services. (*Id*.) He has also found religion and would like to be there for his children and

siblings. (*Id.*)[1] These particular rehabilitation efforts are to be commended and Woodley's desire to resume his life with his family understandable. But they do not differentiate Woodley in any significant degree from the efforts and feelings of other inmates that would classify them as extraordinary and compelling. And the Court cannot ignore the less positive aspect of Woodley's prison time: his troubling disciplinary record. (ECF No. 325-2.) As the government points out, this record includes possessing a hazardous tool, possessing a dangerous weapon, disruptive conduct, interfering with staff, fighting with another person, refusing to obey an order, phone abuse, lying or falsifying a statement, assault without serious injury, tattooing, and stealing. (ECF No. 325-2.) And Woodley's recidivism level is still classified as high risk. (ECF No. 325-3.)

Thus, Woodley's personal circumstances also do not provide an extraordinary and compelling reason for compassionate release.

### C.

Because there are no extraordinary and compelling reasons for release, the Court need not consider Woodley's § 3553 sentencing factors. *See Elias*, 984 F.3d at 518. The Court notes, however, that in considering the nature and circumstances of the offense, and the need for the sentence to promote respect for the law, provide adequate deterrence, just punishment, and protection of the public, together with Woodley's prison misconduct and recidivism risk, the government makes a strong argument as to why these factors would not support compassionate release either.

---

[1] Woodley specifically mentions wanting to be there for his brother's college graduation in the fall. (ECF No. 314, PageID.4455.) Woodley's Presentence Report, however, references only two older half-siblings. (Presentence Report, ¶ 45.)

## III.

For these reasons, Woodley's motion for compassionate release (ECF No. 314) is DENIED.

SO ORDERED.

Dated: May 6, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
